UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDOLPH FLINN,

    Plaintiff,

v.                                                Case No. 3:17cv653-LC-CJK

JULIE JONES, Florida Department of
Corrections; FLORIDA PAROLE
COMMISSION; and FLORIDA BUREAU
OF INTERSTATE COMPACT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint (doc. 10), filed pursuant to 42 U.S.C. § 1983. The undersigned previously entered an order (doc. 9) advising plaintiff that the facts presented in his initial complaint failed to support a viable claim for relief against the defendants. The court allowed plaintiff an opportunity to cure the deficiencies by filing an amended complaint. Plaintiff filed an amended complaint (doc. 10), but it, too, is deficient. Moreover, it is clear plaintiff cannot cure the deficiencies through the filing of another amended complaint. The undersigned thus recommends the matter be dismissed for failure to state a claim upon which relief can be granted.

Background

Plaintiff initially sued Julie L. Jones, Secretary of the Florida Department of Corrections ("FDOC"); the Florida Parole Commission ("FPC"); and the Florida Bureau of Interstate Compact, complaining that, upon release from prison on August 30, 2025, he will be placed on supervision and required to remain in the State of Florida rather than return to his home state, Alabama, where he owns property. Plaintiff asserted claims under the Fifth Amendment, alleging "double standards;" Eighth Amendment, alleging "cruel punishment;" Thirteenth Amendment, complaining he is required to work without pay; and Fourteenth Amendment, asserting an equal protection violation and deprivation of property. Doc. 1 at p. 14. He sought injunctive relief prohibiting defendants from placing him on supervised release and requiring them to approve, in advance, his return to Alabama upon release, as well as $125,000 ("and more if U.S. Courts allows") in nominal, compensatory, and punitive damages. Doc. 1 at p. 14.

The undersigned entered an order (doc. 9) advising plaintiff of the deficiencies in his complaint and allowing him to file an amended complaint. In his amended complaint, plaintiff fashions claims, purportedly under the Fifth, Eighth, and Fourteenth Amendments, naming Julie Jones, the Florida Parole Commission, Judge Shackelford, and the "Florida Interstate Compact" as defendants. As best the

undersigned can discern, plaintiff again complains he will not be allowed to return to his property in Alabama upon release from prison because he will be under supervision in Florida, which he contends constitutes a due process violation. Plaintiff also claims prosecutions for technical probation violations are contrary to the intent of the Florida legislature. He alleges double jeopardy violations, maintaining he will be required to serve more than 85% of his sentence when placed on supervised release and upon being denied gain time. Plaintiff maintains he was not advised he would be subjected to supervised release prior to entering a guilty plea and that no term of supervised release was included in his sentence. Plaintiff says credit is not given for "CRD," but he does not explain what "CRD" is.

Plaintiff further alleges the FDOC and/or FPC arbitrarily impose fines. He says he has been discriminated against and treated unequally based on his status as a sex offender, including being precluded from participating in the canine training program. He contends his sentence was disproportionate to the crime of which he was convicted, which is failure to register as a sex offender, as well as sentences imposed on others, including women, convicted of the same offense. With regard to relief, plaintiff states he "is leaving this up to U.S. Courts as Defendant are believed to be under 11th Amendment Security so Petitioner leaves this open as to my metal injuries suffered." Doc. 10 at p. 16.

Page 4 of 20

Discussion

As the undersigned previously explained, because plaintiff is proceeding *in forma pauperis*, the court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable

to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983. In his amended complaint, plaintiff invokes the Fifth, Eighth, and Fourteenth Amendments, asserting a variety of claims against the defendants, mostly pertaining to placement on supervised release upon completion of the confinement portion of his sentence.

As the undersigned indicated with regard to plaintiff's initial complaint, it appears that, in naming the "Florida Interstate Compact" as a defendant, plaintiff is attempting to assert a claim based on the Interstate Compact for Adult Offender Supervision ("ICAOS"). The ICAOS, however, does not give rise to a private right of action. *See, e.g., Castaneira v. Potteiger*, 621 F. App'x 116, 120 (3d Cir. 2015) (finding the right to enforce the ICAOS belongs to the states, not private parties), *M.F. v. State of N.Y. Exec. Dep't Div. of Parole*, 640 F.3d 491, 495-97 (2d Cir. 2011)

(noting the ICAOS's "'text and structure' make clear that it is solely an agreement between states, and not a source of private rights of action for the offenders whose interstate movement it governs") (*quoting Alexander v. Sandoval*, 532 U.S. 275, 288 (2001)). Any claim under the ICAOS, or against the "Florida Interstate Compact," therefore, is due to be dismissed.

Plaintiff's claims against Julie Jones and the FPC are barred by the Eleventh Amendment. Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751-53 (2002); *Ky. v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends to state agents and state instrumentalities, *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997), as well as arms of the state and state officials, *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Julie Jones and the FPC are state agents, instrumentalities, officials, and/or arms of the state; as such, neither is subject to this suit. *See, e.g., Gibson v. Doe*, 629 F. App'x 868, 871 (11th Cir. 2015) (holding that claims against Secretaries of the Florida Department of Corrections are barred by the

Eleventh Amendment); *Adlington v. Spooner*, 743 So. 2d 1195, 1195 (Fla. 4th DCA 1999) (holding that the Florida Parole Commission is a state agency).

Plaintiff's claims against Judge Schackelford also are barred. Indeed, a judge acting in her judicial capacity is absolutely immune from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within her judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227 (1988). "Whether a judge's actions were made while acting in h[er] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in h[er] judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). An act is done in "clear absence of all jurisdiction," for judicial immunity

purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which she presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted).

The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Thus, a judge is not deprived of absolute immunity from liability for damages because an action she took was in error, illegal, or done maliciously, or was in excess of her authority. *Stump*, 435 U.S. at 355-57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). A judge is subject to liability only when she acted in clear absence of all jurisdiction and knew or must have known that she was acting in such a manner. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump*, 435 U.S. at 356-57). Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

Here, Judge Shackelford plainly was acting in her judicial capacity when she sentenced plaintiff. And she clearly had jurisdiction over the matter. Accordingly,

Page 9 of 20

Judge Shackelford is immune from this suit to the extent plaintiff seeks damages against her.

To the extent plaintiff seeks injunctive relief against Judge Shackelford, his claims are barred by the *Rooker-Feldman* doctrine,[1] which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).

Plaintiff's allegations against Judge Shackelford relate directly to his plea, conviction, and sentence and thus are inextricably intertwined with the state court judgment. If plaintiff were to prevail on his claims against Judge Shackelford, it would "effectively nullify" his judgment of conviction and sentence.[2] The *Rooker-Feldman* doctrine thus precludes plaintiff's claims against Judge Shackelford.

Plaintiff's claims against Judge Shackelford also are barred by *Heck v. Humphrey*, in which the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove the conviction or sentence has been somehow invalidated. 512 U.S. 477, 486-87 (1994). If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Considering plaintiff alleges his sentence was unconstitutional, any judgment in his favor necessarily would imply his

---

[2] Plaintiff's claims are in the nature of a habeas corpus action. Before filing a petition for habeas corpus, however, plaintiff must exhaust his state law remedies, which there is no indication he has done. *See* 28 U.S.C. § 2254.

Case No. 3:17cv653-LC-CJK

sentence was invalid, and plaintiff's conviction and sentence plainly have not been invalidated. *Id.* at 487. Plaintiff's claims against Judge Shackelford thus are *Heck* barred.

With one exception, plaintiff's claims also are not ripe.[3] According to the Eleventh Circuit, "'[t]o determine whether a claim is ripe, we must weigh two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review.'" *Waldman v. Conway*, 871 F.3d 1283, 1290 (11th Cir. 2017) (*quoting Kirby v. Siegelman*, 195 F.3d 1285, 1290 (11th Cir. 1999)). "As part of the first factor, we ask whether the plaintiff 'has suffered injury or come into immediate danger of suffering injury.'" *Id.* (*quoting Kirby*, 195 F.3d at 1290). "A merely speculative threat of injury is insufficient." *Id.*

Plaintiff is not due to be released until August 2025, more than 7 years from now. "[W]ith respect to any post-release conditions that might be imposed on him, the threat of injury is merely speculative at this point." *Id.* Moreover, according to the complaint, pursuant to the Florida Interstate Compact, the FDOC will consider allowing plaintiff to move to Alabama upon release 120 days before the scheduled

---

[3] The only claim that appears to be ripe is plaintiff's claim regarding his inability to participate in the canine training program based on the offense of which he was convicted, which will be addressed below.

Case No. 3:17cv653-LC-CJK

release date. Plaintiff's claims regarding supervised release therefore are not ripe.

These bars aside, plaintiff's claims also fail on the merits. According to the Fifth Amendment,

> [n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. Amend. V. Plaintiff invokes the due process and double jeopardy clauses of the Fifth Amendment.

With regard to plaintiff's due process claim, "[i]n this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). "There can be no doubt that, at a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty, or property at the hands of the government." *Id.* (internal marks omitted).

"However, due process is a flexible concept that varies with the particular circumstances of each case, and to determine the requirements of due process in a particular situation, we must apply the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)." *Id.* (internal marks omitted).

> Under the *Mathews* balancing test,
>
>> "due process generally requires consideration of three distinct factors: [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.* (*quoting Mathews*, 424 U.S. at 335).

Here, plaintiff does not make clear against which defendant(s) he asserts a due process claim, or the nature of such claim. In any event, plaintiff has not alleged inadequate process with respect to any of the circumstances or events of which he complains. In fact, plaintiff has not alleged he has challenged the circumstances or events at the state level. Moreover, contrary to plaintiff's allegations, he will not be

deprived of property by state action in the event he is placed on supervised release and required to remain in the state of Florida (any more than he has been deprived of property by his incarceration). If plaintiff continues to be unable to access his property, it will be because he committed a crime in Florida and subjected himself to the criminal penalties imposed under that state's laws.

To the extent plaintiff attempts to state a double jeopardy claim, he has failed to do so as the double jeopardy clause protects against successive trials and convictions for the same offense, not punishments imposed upon conviction. Plaintiff therefore has failed to allege facts to support a Fifth Amendment claim.

Turning to plaintiff's Eighth Amendment claim, "the general rule, to which there are few exceptions, is that a sentence within the statutory limits is not subject to constitutional challenge." *Williams v. State of Ala.*, 403 F.2d 1019, 1020 (5th Cir. 1968).[4] "'The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences,'" such as the sentence plaintiff is serving, which apparently includes a period of supervised release. *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 3:17cv653-LC-CJK

(*quoting Ewing v. California*, 538 U.S. 11, 20 (2003). "'The Supreme Court has made it clear that "[o]utside the context of capital punishment, *successful* challenges to the proportionality of sentences [are] exceedingly rare."'" *Id.* (*quoting United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (*per curiam*) (*quoting Solem v. Helm*, 463 U.S. 277, 289-90 (1983), *cert. denied*, 546 U.S. 893 (2005))).

"On Eighth Amendment challenges,

> 'a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.'"

*Id.* (*quoting Raad,* 406 F.3d at 1324). "'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.'" *Id.* (*quoting United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005)). Furthermore, with respect to supervised release, "'Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.'" *Id.* (*quoting Johnson v. United States*, 529 U.S. 53, 59 (2000)).

Plaintiff has set forth no facts indicating any aspect of his sentence, including any potential term of supervised release, exceeds statutory limits. Although he has alleged his sentence is disproportionate to the crime of which he was convicted, he has set forth no facts supporting such allegation, and the claim appears to be based on nothing more than plaintiff's dissatisfaction. He thus has failed to state an Eighth Amendment claim.

The same is true with regard to plaintiff's Fourteenth Amendment claim. To the extent plaintiff seeks to assert a Fourteenth Amendment due process claim, in *Sandin v. Conner*, 515 U.S. 472, 478, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Plaintiff has alleged neither. Instead, plaintiff's claims stem from the fact that he will be placed on supervised release *once his term of imprisonment has been served*.

Plaintiff also has failed to plead a viable Fourteenth Amendment equal protection claim. The Equal Protection Clause provides that "[n]o State shall . . .

deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To state a claim under the Equal Protection Clause, plaintiff must allege (1) he was treated differently from similarly situated persons and (2) the defendants unequally applied the laws for the purpose of discriminating against him. *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (*citing Snowden v. Hughes*, 321 U.S. 1, 6 (1944); *Strickland v. Alderman*, 74 F.3d 260, 264 & n.4 (11th Cir. 1996)). Although plaintiff alleges other inmates with the same charge have been treated differently with respect to their sentences, he has not identified a single person similarly situated to him who was treated differently. With regard to the canine program, plaintiff alleges that all individuals convicted of sex crimes are precluded from participating in the program, thus identifying no differential treatment among similarly situated persons.

Finally, plaintiff has not requested any specific relief. He cannot recover monetary damages because he has alleged no physical injury. According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal

claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. Moreover, it is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action. Because plaintiff has not alleged any physical injury, he is prohibited under the PLRA from recovering damages. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).

Plaintiff has also failed to plead facts upon which injunctive relief could be granted. In order to obtain a preliminary injunction, plaintiff must show (1) a substantial likelihood of success on the merits of his claims; (2) irreparable injury

unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the defendants; and (4) if issued, the injunction will not be adverse to the public interest. *See Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009). Because a preliminary injunction is an extraordinary and drastic remedy, the court may issue an injunction only if plaintiff clearly satisfies the burden of persuasion as to each of the four factors. *Id.* "Failure to show any of the four factors is fatal." *Id.*

For the reasons set forth above, plaintiff has wholly failed to demonstrate a substantial likelihood of success on the merits of his claims or that he faces a real and immediate threat of future harm in the event a injunction does not issue. Again, any alleged harm to plaintiff is speculative and remote. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (emphasizing "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent'" (*quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)); *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2. That all pending motions be DENIED as moot.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 26th day of June, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**